UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   Case No: 8:13-cr-00215-KKM-AEP

ERASMO AGUINAGA

Defendant.

_____

## ORDER

Erasmo Aguinaga, a federal prisoner serving a 180-month sentence, moves for compassionate release under 18 U.S.C. § 3582. The United States opposes relief. Although Aguinaga exhausted his administrative remedies, he does not qualify for an early release.

### I.  BACKGROUND

On November 1, 2006, Aguinaga pleaded guilty to conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. *United States v. Aguinaga*, No. 8:05-cr-498, (Doc. 374; Doc. 414.) Aguinaga was sentenced to serve eighty-seven months followed by five years of supervised release. (*Id.* at Doc. 524.) He was then released from prison on December 17, 2010. (Doc. 94 at 7.)

1

On September 19, 2014, while he was on supervised release, a jury found Aguinaga guilty of attempting to use the internet to entice a minor to engage in sexual acts in violation of 18 U.S.C. § 2422(b). (Doc. 80.) The Court determined that the United States Sentencing Guidelines produced a range of a 151 to 188 months of imprisonment. (Doc. 116 at 14.) The Court also agreed with the United States that a sentence at the high-end of the guidelines range was appropriate because Aguinaga was "an extreme danger to the community." (*Id.* at 19, 28.) The Court ultimately imposed a 180-month sentence. (*Id.* at 31.)

Aguinaga is forty-four years old, incarcerated at Coleman Low Federal Correctional Institution in Sumterville, Florida, and the Bureau of Prisons' website projects a release date of January 23, 2026. *See* Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/mobile/find_inmate/ (last accessed July 21, 2022). Aguinaga states he suffers from high blood pressure, asthma, and obesity, which he argues are conditions that increase the risk of severe health consequences if he should contract COVID-19. (Doc. 133 at 6; Doc. 133-3 at 2.) On May 12, 2020, Warden Kathy P. Lane denied Aguinaga's request for compassionate release. (Doc. 133-3 at 3.) Aguinaga appealed the Warden's decision. (*Id.* at 4.) On November 16, 2020, the Bureau of Prisons (BOP) accepted Aguinaga's appeal. (Doc. 136-2 at 4.) Although the parties agree that BOP has not finalized a decision on the appeal, the United States concedes that Aguinaga has

2

exhausted his administrative remedies because thirty days has passed since his appeal. (Doc. 136 at 4.)[1]

Aguinaga now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 133 at 1.) The United States opposes the motion on the ground that he fails to demonstrate extraordinary and compelling circumstances and that the applicable § 3553(a) factors weigh against him. (Doc. 136.) The Court agrees.

## II.   ANALYSIS

District courts do not have the inherent authority to modify a defendant's term of imprisonment and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). Section 3582(c)(1)(A), otherwise known as the compassionate release provision, allows a district court to reduce the defendant's term of imprisonment for "extraordinary and compelling reasons" but only if consistent with the United States Sentencing Guidelines' policy statement in § 1B1.13 and the sentencing factors outlined in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021); *see also United States v. Lepe-Cholico*, No. 21-11071, 2022 WL 1132366, at *1 (11th Cir. Apr. 18, 2022) (per curiam) (referring to § 3582(c)(1)(A) as the "commonly called . . . 'compassionate release' provision"). The

---

[1] Whether Aguinaga complied with the exhaustion requirements of §3582(c)(1)(A) or not, the government has waived any contrary argument by failing to raise the point. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (explaining that §3582(c)(1)(A) is a claims-processing rule, not a jurisdictional requirement).

3

plain language of § 3582(c)(1)(A)(i) requires that a district court make all three findings to grant compassionate release. *United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021).

Aguinaga argues his alleged medical conditions—high blood pressure, asthma, and obesity—qualify as an extraordinary and compelling reason for compassionate release because those conditions can increase the risk of severe health consequences if he should contract COVID-19. (Doc. 133 at 6–7; Doc. 133-3 at 2.) But as the U.S. Sentencing Guidelines commentary articulates, a qualifying medical condition is "a terminal illness" or a serious condition "that substantially diminishes the ability of the defendant to provide self-care within [prison]." U.S.S.G. §1B1.13; *Giron*, 15 F.4th at 1346 (following §1B1.13 to affirm the district court's determination that the defendant's high cholesterol, high blood pressure, and coronary artery disease conditions were manageable in prison despite the continuance of the COVID-19 pandemic); *see also United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021) (affirming the district court's denial of compassionate release to a defendant with high blood pressure despite the increased risk of death or severe medical complications from COVID-19). Although these conditions could lead to an increased risk of health consequences, these conditions do not rise to the level of extraordinary or compelling reasons as defined within the U.S. Sentencing Guidelines. Thus, Aguinaga fails to establish extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i) and the Court cannot reduce his sentence. *See Giron*, 15 F.4th at 1348.

4

Further, even if Aguinaga's alleged medical conditions were extraordinary and compelling reasons for compassionate release, the § 3553(a) factors weigh against any reduction in his sentence. First, Aguinaga's conviction for attempting to entice a minor child to engage in unlawful sexual acts while on supervised release is serious and "reprehensible." (Doc. 116 at 29); *see United States v. Taffe*, No. 16-cr-60300, 2020 WL 6700445, at *4 (S.D. Fla. Nov. 9, 2020) (Ruiz II, J.) (weighing the "nature and circumstance of the offense" against a defendant convicted of attempting to entice a minor to engage in sexual activity). Second, although Aguinaga shows he completed recidivism-reducing programs and classes, (Doc. 133-2 at 2), he also completed similar programs while serving the previous term of federal imprisonment and still attempted to entice a minor to engage in sexual conduct with him during his supervised release (Doc. 116 at 19–20.) These programs and classes have not stopped the defendant from engaging in deviant conduct. Nor did his pervious eighty-seven-month sentence deter him from engaging in unlawful conduct while on supervised release.

Finally, Aguinaga's sentence is "reasonable and adequate" because he needs counseling regarding his "attitude towards sex." (*Id.* at 28–29, 35–36.) Especially as a father of five children, "[a]ny sort of sexual relationship with children is reprehensible." (*Id.* at 28–29.) Aguinaga has over forty-two months left to serve his sentence. *See* Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/mobile/find_inmate/ (last accessed July 21,

2022). Although Aguinaga has already served 138 months, he has yet to reach the low-end of his Sentencing Guidelines range. (Doc. 116 at 14.) Thus, the portion of his sentence that he has served does not adequately reflect the seriousness of his offense, provide adequate deterrence, or sufficiently protect the public.

When considering the § 3353(a) factors, the Court finds that Aguinaga is not entitled to early release.

### III.   CONCLUSION

Because Aguinaga fails to show extraordinary and compelling reasons to support a sentence reduction or show a sentence reduction is warranted considering the § 3553(a) factors, the Court **DENIES** Aguinaga's Motion for Compassionate Release. (Doc. 133.)

**ORDERED** in Tampa, Florida on July 22, 2022.

Kathryn Kimball Mizelle
United States District Judge